UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Cause No.:  3:18-cv-949 |
| ROYCE A. PLETCHER, KFG INSURANCE AGENCY, LLC, and LEANN DAVIS, | ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES**

Comes now Plaintiff, Auto-Owners Insurance Company, by counsel, and for its

Complaint for Declaratory Judgment and Damages would show the Court as follows:

Nature of Action

1.  This is, in part, a declaratory judgment action brought pursuant to Rule 57 of the Federal

    Rules of Civil Procedure and 28 U.S.C. 2201, for the purpose of determining controversy

    between the parties involving insurance coverage.

2.  This is, in part, an action for unjust enrichment.

3.  This is, in part, an action for indemnity.

4.  This is, in part, an action for breach of fiduciary duty.

5.  This is, in part, an action for negligence.

Parties and Jurisdiction

6.  The events giving rise to this action occurred in Elkhart County, Indiana.

7. Auto-Owners Insurance Company is a Michigan insurance company with its principal place of business located in Lansing, Michigan and is authorized to conduct business in the State of Indiana.

8. Royce Pletcher is an Individual residing in Elkhart County, Indiana, to wit, 2010 Middlebury Street, Elkhart, Indiana.

9. KFG Insurance Agency, LLC, is an Indiana corporation with its principle office located at 6910 North Main Street, Granger, IN 46530.

10. LeAnn Davis is an individual employee of KFG Insurance Agency, LLC.

11. This Court has diversity jurisdiction over the Plaintiff's action, pursuant to 28 U.S.C. §1332(a)(1), as the parties are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12. Venue is this Court is proper pursuant to 28 U.S.C §1391 and 28 U.S.C §94(a)(2), because the events giving rise to this claim occurred in Elkhart County, Indiana, which is within the venue of the United States District Court for the Northern District of Indiana, South Bend Division.

13. The substantive laws of the State of Indiana apply because this case involves alleged insurance coverage under a contract of insurance issued and delivered in the State of Indiana.

<u>Facts Common to All Counts</u>

14. Defendant KFG Insurance Agency, LLC (herein "KFG Agency") was at all relevant times an insurance agent, engaged in the business of selling numerous insurance products offered by numerous insurance carriers.

2

15. Defendant LeAnn Davis was at all relevant times hereto an employee or agent of Defendant KFG Agency.

16. On or about March 28, 2018, Defendant Royce Pletcher d/b/a KQ Enterprises LLC (herein "Pletcher") executed or caused to be executed an application for insurance with Plaintiff herein, Auto-Owners Insurance Company (herein "AOIC"). Such application is attached hereto as **AOIC Exhibit A.**

17. A portion of the application for insurance attached hereto as **AOIC Exhibit A** is entitled "Body Shop Information" and asks if there is a "paint booth" on any of the premises to be insured. **AOIC Exhibit A, 0009.**

18. In response thereto, Defendant Pletcher answered or caused to be answered "yes." **AOIC Exhibit A, 0009.**

19. Defendant Pletcher answered or caused to be answered "yes" to inquiries about such "paint booth," including whether it was constructed of materials with a one-hour fire resistive rating. **AOIC Exhibit A, 0009.**

20. In the alternative, Defendant KFG Agency and/or LeAnn Davis answered "yes" to the questions regarding the "paint booth" referenced *supra* on behalf of Defendant Pletcher. **AOIC Exhibit A, 0009.**

21. In reliance on the representations made by Defendant Pletcher, Defendant KFG Agency, and/or Defendant LeAnn Davis on behalf of Defendant Pletcher in the application for insurance, Plaintiff AOIC issued a policy for insurance to Defendant Pletcher, to wit Policy Number 184602-09705676-18 (herein "the Policy"), effective from April 5, 2018 through April 5, 2019. The Policy is attached hereto as **AOIC Exhibit B.**

22. The Policy included, among other things, Business Income coverage and Property Damage coverage. **AOIC Exhibit B, 00067, 0090.**

23. The premises insured by the Policy against Property Damage was a building located at 2010 Middlebury Street, Elkhart, Indiana (herein "the Premises"). **AOIC Exhibit B, 0008**.

24. The relationship between Defendant KFG Agency and Plaintiff AOIC was governed by an "Agency Contract," attached hereto as **Exhibit C.**

25. On or about April 25, 2018, Defendant Davis represented to Plaintiff that Defendant Pletcher had a pre-manufactured paint booth on the Premises.

26. On information and belief, Defendant Davis's representation to Plaintiff on or about April 25, 2018 was initiated by Defendant Pletcher.

27. On or about June 8, 2018, the Premises was inspected by a contractor for Plaintiff and it was discovered that there was no paint booth on the Premises.

28. On or about June 29, 2018 Davis represented to Plaintiff that Defendant Pletcher had installed a paint booth and that such paint booth was, as of that time, operational.

29. On information and belief, Defendant Davis's representation to Plaintiff on or about June 29, 2018 was initiated by Defendant Pletcher.

30. On or about June 29, 2018, Plaintiff requested that its contractor again inspect the Premises to determine whether or not a paint booth was installed therein.

31. No paint booth was ever installed in the Premises.

32. On August 9, 2018, the Premises was damaged by a fire.

33. The fire damage exceeds $75,000.

34. Included in the Policy is Commercial Property Conditions (CP 00 90 07 88) which states, in part, "This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning: (1) This Coverage Part; (2) The Covered Property; (3) Your interest in the Covered Property; or (4) A claim under this Coverage Part."

<u>Declaratory Count I: Rescission of the Policy for Fraudulent Inducement</u>

35. Plaintiff incorporates by reference the material allegations set forth in rhetorical paragraphs 1-34 as though fully set forth herein.

36. Defendants Pletcher and Davis's initial and subsequent representations regarding the existence of a paint room in the Premises was a misrepresentation of fact.

37. Defendants Pletcher and Davis's initial and subsequent representations regarding the existence of a paint room in the Premises was untrue.

38. Defendant Pletcher and Defendant Davis, working on behalf of Defendant KFG Agency, were aware that there was no paint room in the Premises when they represented on the application for insurance that there was a paint room.

39. Defendant Davis, working on behalf of Defendant KFG Agency, was aware that there was no paint room in the premises, or she was recklessly ignorant of the falsity of her statement, when she represented to Plaintiff on or about June 29, 2018 that the Premises had an operational paint room.

40. On information and belief, Defendant Davis's representation to Plaintiff on or about June 29, 2018 was initiated by Defendant Pletcher.

41. Defendants Pletcher and Davis's initial and subsequent representations that there was a paint room in the Premises were made with the intent to deceive Plaintiff.

42. Plaintiff rightfully relied on the representations of Defendants Pletcher and Davis.

43. As a result of the fraud of Defendants Pletcher and Davis, Plaintiff herein issued a policy for insurance that would not have otherwise been issued.

WHEREFORE, Plaintiff Auto-Owners Insurance Company prays that this Court issue a Declaration that insurance policy number 184602-09705676-18 be rescinded, for the costs of this action, and for all other relief just under the premises.

Declaratory Count II: Rescission of the Policy for Material Misrepresentation

44. Plaintiff incorporates by reference the material allegations set forth in rhetorical paragraphs 1-43 as though fully set forth herein.

45. The representations by Defendant Pletcher and Defendant Davis with respect to the paint room were false.

46. The facts misrepresented by Defendants Pletcher and Davis on the application for insurance attached hereto as **Exhibit A** were material and relied upon by Plaintiff.

47. As a result of the material misrepresentations of Defendants Pletcher and Davis, Plaintiff herein issued a policy for insurance that would not have otherwise been issued.

WHEREFORE, Plaintiff Auto-Owners Insurance Company prays that this Court issue a Declaration that insurance policy number 184602-09705676-18 be rescinded, for the costs of this action, and for all other relief just under the premises.

Count III: Unjust Enrichment against Pletcher

48. Plaintiff incorporates by reference the material allegations set forth in rhetorical paragraphs 1-47 as though fully set forth herein.

49. Plaintiff rendered a measurable benefit to Defendant Pletcher in the form of a policy for insurance. Such policy for insurance was rendered at Defendant Pletcher's request.

50. As a result of the rendering of such insurance policy, Plaintiff has made payment to Defendant Pletcher exceeding $31,790.00 under the Business Income coverage of the Policy that was issued.

51. On information and belief, Plaintiff may have made additional payments to Defendant Pletcher under different coverages.

52. As the Policy was issued as a result of the fraud and/or misrepresentations of Defendant Pletcher, among others, allowing Defendant Pletcher to retain this benefit without restitution would be unjust.

WHEREFORE, Plaintiff Auto-Owners Insurance Company prays for judgment against Royce Pletcher, that all payments made to Defendant Pletcher be returned to Plaintiff, for prejudgment interest, for the costs of this action, and for all other relief just under the premises.

## Count IV: Indemnity against KFG

53. Plaintiff incorporates the material allegations of rhetorical paragraphs 1-52 as though fully set forth herein.

54. The "Agency Contract" between KFG Agency and AOIC provides, "The Agency shall hold harmless, indemnify and defend the Company for all expenses associated with the investigation and/or defense, including attorney fees, penalties, fines, judgments, interest and costs for claims made against the Agency and/or the Company which involve Agency fraud, Agency misrepresentation, error or omission, including but not limited to

failure of the Agency to forward monies in a timely manner when due, the Agency's

failure to forward applications, binders or requests for policy changes in a timely manner,

the Agency exceeds the Company's underwriting guidelines, actions or inaction by the

Agency resulting in liability being imputed to the Company, or where the Agency

exceeds the authority granted in this Contract." **Exhibit C, p. 0005.**

55. The contract attached hereto as Exhibit C is a valid, enforceable contract between KFG

    Agency and AOIC.

56. Pursuant to the language recited in paragraph 54, above, KFG Agency agreed

    contractually to indemnify AOIC for all expenses associated with KFG's fraud,

    misrepresentations, errors, and omissions.

57. As a result of the fraud, misrepresentations, errors, and omissions of KFG Agency, AOIC

    has incurred expenses including but not limited to the $31,790.00 already paid to

    Pletcher, attorney fees, and expenses in the present lawsuit.

58. Per the Agency Contract, attached hereto as Exhibit C, KFG Agency is obligated to

    indemnify AOIC for all expenses arising from the fraud, misrepresentation, errors, and

    omissions of KFG Agency, including but not limited to such expenses enumerated in

    paragraph 57, above.

   WHEREFORE, Auto-Owners Insurance Company prays for judgment against KFG

Agency in an amount that will fully indemnify AOIC for all expenses and attorney fees incurred

as a result of the fraud, misrepresentation, errors, and omissions of KFG Agency, and all other

relief just under the premises.

<u>Count V: Breach of Fiduciary Duty Against KFG Agency</u>

8

59. Plaintiff incorporates the material allegations contained in rhetorical paragraphs 1-58 as though fully set forth herein.

60. Pursuant to the Agency Contract attached hereto as Exhibit C, KFG Agency was responsible for the performance of all its agents and all others who represent and/or are employed by KFG Agency. **Exhibit C, 0001.**

61. KFG Agency and its employees, including but not limited to Defendant LeAnn Davis, had at all times relevant hereto a duty to deal honestly and openly with AOIC.

62. KFG Agency and its employees had at all times relevant hereto a duty to exercise reasonable care and caution in the fulfillment of its professional duties.

63. KFG Agency and its employees breached that duty through its misrepresentation and/or fraud on Pletcher's application for insurance.

64. KFG Agency and its employees breached that duty through its misrepresentation and/or fraud pertaining to the installation and use of a paint booth at Defendant Pletcher's place of business.

65. KFG Agency and its employees' breach of that duty has proximately damaged AOIC.

66. As a result of KFG Agency and its employees' breach of fiduciary duty, AOIC has made payment to Pletcher totaling $31,790.00; AOIC has been forced to retain attorneys to pursue the present action; AOIC has been forced to retain other contractors for the purpose of investigating the subject claim; and AOIC has incurred other additional expenses.

WHEREFORE, Auto-Owners Insurance Company prays for judgment against KFG Agency in an amount that will fully compensate it for its losses, including but not limited to

$31,790.00 for funds previously paid, reimbursement for expenses incurred in adjusting the present claim, attorney fees, and for all other relief just under the premises.

### Count VI: Negligence against KFG Agency

67. Plaintiff incorporates the material allegations contained in rhetorical paragraphs 1-66 as though fully set forth herein.

68. Defendant KFG Agency owed a duty of care to Plaintiff AOIC to accurately communicate facts to AOIC concerning coverage and the underwriting risks associated with potential insureds.

69. Defendant KFG Agency breached that duty of care by failing to accurately communicate relevant facts to AOIC concerning coverage and the underwriting risks associated with potential insured Pletcher.

70. As a proximate result of Defendant KFG Agency's negligence, Plaintiff AOIC has incurred expenses, as set forth more fully *supra*.

WHEREFORE, Auto-Owners Insurance Company prays for judgment against KFG Agency in an amount that will fully compensate Plaintiff for the damages proximately incurred due to Defendant KFG Agency's negligent performance of its professional duties, including but not limited to $31,790.00 for funds previously paid, reimbursement for expenses incurred in adjusting the present claim, attorney fees, and for all other relief just under the premises.

### Count VII: *Resdondeat Superior* against LeAnn Davis

71. Plaintiff incorporates the material allegations contained in rhetorical paragraphs 1-70 as though fully set forth herein.

72. At all times relevant hereto, Defendant Davis was employed by, and was an agent, servant, and/or employee of Defendant KFG Agency.

73. The above-described acts of Defendant Davis were committed while she was acting as an agent, servant, and/or employee of Defendant KFG Agency.

74. The above-described acts of Defendant Davis were committed within the scope of her employment and while furthering the business interests of Defendant KFG Agency.

75. As Defendant Davis's employer, Defendant KFG Agency is vicariously liable for the negligent acts committed by Davis within the scope of her employment.

76. As a proximate result of Defendant Davis's negligence, Plaintiff AOIC has incurred expenses, as set forth more fully *supra*.

WHEREFORE, Auto-Owners Insurance Company prays for judgment against LeAnn Davis and KFG Agency in an amount that will fully compensate Plaintiff for the damages proximately incurred due to Defendant LeAnn Davis's negligent performance of her professional duties, including but not limited to $31,790.00 for funds previously paid, reimbursement for expenses incurred in adjusting the present claim, attorney fees, and for all other relief just under the premises.

Respectfully submitted,

DUE DOYLE FANNING & ALDERFER, LLP

By: */s/ Scott E. Andres*
Scott E. Andres, Atty. No. 25261-49
Charles J. Maiers, Atty. No. 31408-49
sandres@duedoyle.com
cmaiers@duedoyle.com

*Attorneys for Plaintiff, Auto-Owners
Insurance Company*

11

DUE DOYLE FANNING & ALDERFER, LLP
8440 Allison Pointe Blvd., Suite 350
Indianapolis, Indiana 46250-4380
(317) 635-7700
(317) 638-5688 facsimile